UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

KATERYNA VASKOVSKA,

               Petitioner,

      -v-                                                  14-CV-270-JTC

ERIC H. HOLDER, JR.,
Unites States Attorney General,
MICHAEL T. PHILLIPS,
Field Director for United States Immigration
and Customs Enforcement at the Allegany
County Jail, and all other persons exercising
direct legal custody over Petitioner,
JEB JOHNSON,
Secretary of the Department of Homeland Security,

               Respondents.

---

## INTRODUCTION

Petitioner Kateryna Vaskovksa, an alien in the custody of the United States Department of Homeland Security, Immigration and Customs Enforcement (collectively, "DHS"), has filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 seeking release from detention at the Chautauqua County Jail in Mayville, New York ("CCJ"), pending completion of immigration removal proceedings. Item 1.[1] She has included in the petition a claim of inadequate medical care. As directed by this court's order entered April 28, 2014 (Item 3), respondent has submitted an answer and return (Item 6), along with an accompanying memorandum of law (Item 7) and a supplemental memorandum of law addressing the medical care issue (Item 11). Petitioner has filed a

---

[1] At the time of the filing of the petition, petitioner was housed at the Allegany County Jail, but was transferred to the CCJ on or about April 30, 2014.

responsive memorandum of law (Item 15). For the reasons that follow, the petition is denied.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Petitioner, a native and citizen of the Ukraine, was admitted to the United States at New York City on or about October 9, 2005 as a K-2 nonimmigrant with authorization to remain in the United States for a temporary period not to exceed January 7, 2006. *See* Item 6-1, Declaration of Juanita Payan ("Payan Decl."), ¶ 5. Petitioner remained in the United States beyond the authorized period. *Id.* She twice filed an application with U.S. Citizenship and Immigration Services ("USCIS") to adjust her status, and the applications were denied. *Id.,* ¶¶ 6-7. On or about October 17, 2012, petitioner was convicted in the County Court of Warren County, State of New York, of Criminal Possession of a Controlled Substance in the 4th Degree, in violation of New York Penal Law Section 220.09-01, and was sentenced to a three year term of imprisonment. Payan Decl., ¶ 8.

On October 31, 2012, petitioner was encountered by an Immigration Enforcement Agent while she was incarcerated at the Bedford Hills Correctional Facility in Bedford Hills, New York. Payan Decl., ¶ 10. After her immigration status was verified, petitioner was served with a Notice to Appear ("NTA") charging her with being removable from the United States pursuant to section 237(a)(1)(B) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1227(a)(1)(B), as an alien who has remained in the United States for a longer time than permitted, and pursuant to section 237(a)(2)(B)(I), 8 U.S.C. § 1227(a)(2)(B)(I), as an alien convicted of a controlled substance offense. *Id.*; Item 6-2 ("Exh. A"), pp. 7-9.

On June 11, 2013, petitioner was taken into DHS custody upon her release from the

New York State Department of Corrections and Community Supervision and was detained at the Allegany County Jail in Belmont, New York. Payan Decl., ¶ 11. On June 26, 2013, Immigration Judge ("IJ") Steven J. Connelly denied petitioner's request for a change in custody status and determined that petitioner was subject to detention in DHS custody pursuant to the provisions of INA § 236(c), pending a final determination of removability. Payan Decl., ¶ 13; Exh. A, p. 5. On August 8, 2013, IJ Connelly denied petitioner's request for relief and ordered that she be removed from the United States to the Ukraine. Payan Decl., ¶ 14; Exh. A, p. 3. Petitioner filed an appeal of the IJ's order of removal with the Board of Immigration Appeals ("BIA"). Payan Decl., ¶ 15; Exh. A, p. 14. The appeal is pending. Petitioner is currently detained at the Chautauqua County Jail pending completion of immigration removal proceedings. Payan Decl., ¶ 17.

On April 12, 2014, petitioner filed this action for habeas corpus relief on the ground that her continued detention in DHS custody violates her right to due process under the Fifth Amendment to the United States Constitution. *See* Item 1.

**DISCUSSION**

Petitioner challenges her detention by way of habeas corpus review under 28 U.S.C. § 2241, which "authorizes a district court to grant a writ of habeas corpus whenever a petitioner is 'in custody in violation of the Constitution or laws or treaties of the United States.' " *Wang v. Ashcroft*, 320 F.3d 130, 140 (2d Cir. 2003) (quoting 28 U.S.C. § 2241(c)(3)); *see also Zadvydas v. Davis*, 533 U.S. 678, 687 (2001) (petition under § 2241 is the basic method for statutory and constitutional challenges to detention following order

of removal).

Matters pertaining to the detention of aliens pending the completion of immigration removal proceedings and pending removal following the entry of a final order of removal are governed by two separate provisions of the INA–respectively, section 236, which authorizes the arrest and detention of an alien on warrant pending a decision on whether the alien is to be removed from the United States, and section 241, which authorizes detention of aliens after the issuance of a final order of removal.  In this case, petitioner's detention at the time she filed her habeas petition was pursuant to section 236, which provides in pertinent part:

> (a) Arrest, detention, and release.
>
> On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States . . . .  Except as provided in subsection (c). . . and pending such decision, the Attorney General–
>
> (1) may continue to detain the arrested alien; and
> (2) may release the alien on-
>    (A) bond of at least $1,500 with security approved by, and containing conditions prescribed by the Attorney General; or
>    (B) conditional parole …
> …
> (c) Detention of criminal aliens
>
> (1) Custody
>
> The Attorney General shall take into custody any alien who … is deportable by reason of having committed any offense covered in section 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D) of this title, …
>
> when the alien is released, without regard to whether the alien is released on parole, supervised release, or probation, and without regard to whether the alien may be arrested or imprisoned again for the same offense.
>
> (2) Release

> The Attorney General may release an alien described in paragraph (1) only if the Attorney General decides [that a limited "witness protection" exception applies], and the alien satisfies the Attorney General that the alien will not pose a danger to the safety of other persons or of property and is likely to appear for any scheduled proceeding. …

8 U.S.C. § 1226(a)(1), (2); (c)(1)(B), (2).

In *Demore v. Kim*, 538 U.S. 510 (2003), the Supreme Court held that, while "[i]t is well established that the Fifth Amendment entitles aliens to due process of law in deportation proceedings …," *id.* at 523 (quoting *Reno v. Flores*, 507 U.S. 292, 306 (1993)), section 236(c)'s authorization of mandatory detention without bail during the pendency of removal proceedings is constitutionally permissible "for a limited class of deportable aliens" including those, like petitioner here, convicted of a controlled substance offense. *Id.* at 517-518, 531. As explained in *Demore*, this is due in part to the provision in the immigration regulations for an immediate "*Joseph*" hearing at which the detainee is "entitled to raise any nonfrivolous argument available to demonstrate that he was not properly included in a mandatory detention category." *Demore*, 538 U.S. at 514 & n. 3 (citing *Matter of Joseph*, 22 I. & N. Dec. 799, 1999 WL 339053 (BIA 1999)); *see* 8 C.F.R. §§ 1003.19 & 1236.1.

In *Demore,* the Supreme Court repeatedly qualified its holding, noting that mandatory detention is permissible for the "limited," *id.* at 526, 529 n. 12, "temporary," *id.* at 531 n. 13, and "brief period necessary for ... removal proceedings," *id.* at 513, 523, and emphasizing that "the detention at stake under § 1226(c) lasts roughly a month and a half in the vast majority of cases in which it is invoked, and about five months in the minority of cases in which the alien chooses to appeal," *id.* at 530. In order to avoid running afoul

of the Due Process Clause, numerous United States Courts of Appeals and district courts in this circuit have interpreted section 1226(c) to contain an implicit limitation on unreasonable or unjustified detention. *See Johnson v. Orsino,* 942 F.Supp.2d 396, 408 (S.D.N.Y. 2013) (collecting cases). Nevertheless, the Supreme Court did not set a bright-line outer limit for what constitutes a permissible period of detention. *See Demore*, 538 U.S. at 530. Rather, the court must assess the duration of the detention in proper context, considering factors such as which party bears responsibility for the prolonged detention, whether the continued duration of the detention is finite or near conclusion, and the interests served by continued detention. *See Johnson*, 942 F.Supp.2d at 409; *Monestime v. Reilly*, 704 F.Supp.2d 453, 458–59 (S.D.N.Y. 2010).

In this case, the record reveals that petitioner was in DHS custody for approximately two months before the IJ issued the order of removal. Petitioner timely availed herself of the process afforded under *Joseph* to challenge her classification as an alien subject to mandatory detention under section 236(c), but the IJ denied petitioner's request for a change in custody status. *See* Payan Decl., ¶ 13. As of the date of the filing of this petition, petitioner had been in DHS custody for approximately ten months. Her appeal of the removal order is currently pending before the BIA and is the sole reason that she remains in DHS custody. Although petitioner indisputably "has every right to seek any relief from deportation for which [s]he may be eligible, delay caused by h[er] actions does not make continued detention unreasonable or unjustified." *Andreenko v. Holder,* 2010 WL 2900363, * 4 (S.D.N.Y June 25, 2010); *see also Doherty v. Thornburgh*, 943 F.2d 204, 211 (2d Cir. 1991) (holding that petitioner-alien could "not rely on the extra time resulting [from

his pursuit of available legal remedies] to claim that his prolonged detention violates substantive due process"); *see also Diaz v. Muller*, 2011 WL 3422856, at *4 (D.N.J. Aug. 4, 2011) (quoting *Andreenko* and holding that petitioner "cannot substantially prolong proceedings in Immigration Court and then complain that his constitutional rights have been violated because of the length of the ensuing detention"); *Adler v. U.S. Dep't of Homeland Sec.*, 2009 WL 3029328, at *2 (S.D.N.Y. Sept. 22, 2009) ("Although it is Adler's right to seek relief from deportation, the delays caused by his motions should not be attributed to the government."); *Thevarajah v. McElroy*, 2002 WL 923914, at *5 (E.D.N.Y. Apr. 30, 2002) (noting that petitioner-alien's appeal of IJ's removal order, while "entirely understandable," does not "permit an alien to rely on the [resulting] lengthening of detention ... to claim that his prolonged detention violates substantive due process") (citations omitted). Furthermore, there is no indication that petitioner's continued detention pending resolution of her appeal to the BIA will last indefinitely or for a lengthy period of additional time. If her appeal is denied and a final order of removal is entered, petitioner may, of course, challenge her continued detention should it appear that her removal from the United States cannot be accomplished in a timely manner. Having considered the totality of the circumstances, the court finds that, as of the date of entry of this decision, petitioner's mandatory detention pursuant to section 236(c) is "constitutionally permissible" under the Due Process Clause. *Demore*, 538 U.S. at 531.

Additionally, petitioner complains that she has been provided inadequate medical care for a back condition and depression. The law is well-settled that a writ of habeas corpus is not the appropriate legal vehicle for seeking relief based on the conditions of

7

detention. *Andreenko v. Holder,* 2010 WL 2900363, at * 5; *Copes v. McElroy*, 2001 WL 830673, at *6 (S.D.N.Y. July 23, 2001). Habeas corpus addresses the validity or duration of custody, not the conditions of detention. Because the petitioner is seeking relief based on inadequate medical treatment by respondents who are federal actors, an action pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), is the appropriate means of seeking relief. *Copes*, 2001 WL 830673, at *6.

Additionally, under *Bivens*, a plaintiff may bring claims against federal officers only in their personal capacities. *See Bivens*, 403 U.S. at 397. To state a claim under *Bivens*, a plaintiff must allege that an individual defendant personally committed a specific wrongful act that violated a well-established constitutional right of which a reasonable person would have known. *See Barbera v. Smith*, 836 F.2d 96, 99 (2d Cir.1987); *Adekoya v. Holder,* 751 F.Supp.2d 688, 694 (S.D.N.Y. 2010). Here, petitioner has failed to allege personal conduct by any specific respondent in the alleged constitutional violation. For this additional reason, petitioner's claim of deliberate indifference is insufficient and must be denied.

## **CONCLUSION**

On the basis of the foregoing, the court finds that petitioner is not entitled to habeas corpus relief under 28 U.S.C. § 2241. The petition is therefore denied, and the case is dismissed without prejudice to her filing a *Bivens* action or other appropriate claim addressed to the conditions of confinement. Additionally, this dismissal is without prejudice to file another petition should it subsequently appear that the length of petitioner's detention has violated the Due Process Clause.

It is further ordered that certification pursuant to 28 U.S.C. § 1915(a)(3) be entered stating that any appeal from this Judgment would not be taken in good faith and therefore leave to appeal as a poor person should be denied.  *Coppedge v. United States*, 369 U.S. 438 (1962).

The Clerk of the Court is directed to enter judgment in favor of respondent, and to close the case.

So ordered.

\_\_\_\_\_\\s\ John T. Curtin\_\_\_\_\_
JOHN T. CURTIN
United States District Judge

Dated:  September 17, 2014